UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SANA ZARA BUKHARI, MEGAN FAYE COWELL, :
JANE KILLIAN, *individually and on behalf of all others* :  12 Civ. 4290 (PAE)
*similarly situated*, :
: OPINION & ORDER
Plaintiffs, :
:
-v- :
:
DELOITTE  & TOUCHE LLP and DELOITTE LLP :
:
Defendants. :
:
------------------------------------------------------------------------:
X

PAUL A. ENGELMAYER, District Judge:

Defendants Deloitte & Touche LLP and Deloitte LLP (collectively, "Deloitte") move to transfer venue to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). Plaintiffs Sana Zara Bukhari, Megan Faye Cowell, and Jane Killian oppose that motion. For the reasons that follow, the motion to transfer venue is denied.

## I.  Background[1]

### A. The Complaint

In this putative class action, plaintiffs allege that their employer, Deloitte, a professional services firm, improperly failed to pay employees in three states overtime pay for work performed in excess of 40 hours a week. The case contains claims on behalf of three distinct classes.  Bukhari seeks to represent a class of current and former Deloitte employees who held

---

[1] The Court's account of the underlying facts in this case is drawn from the Complaint ("Compl."). Dkt.1. The Court's account of the separate class action lawsuit filed by named plaintiff Stephen Berndt is based upon the Declaration of Peter A. Walker, Dkt. 12, which attaches that complaint ("Berndt Compl.") as Exhibit A.

1

designated positions within the company's audit line of business and who worked in Massachusetts at any time after May 30, 2010. Cowell and Killian seek to represent employees who worked for Deloitte in the same positions in Minnesota and Ohio, after May 30, 2009, and May 30, 2010, respectively. Each plaintiff brings claims under her respective state's wage and hours laws.[2] The Complaint does not include any federal claims. Compl. ¶¶ 3–7.

The essence of the Complaint is that Deloitte misclassified plaintiffs and members of the putative classes as "exempt" employees under the respective states' laws.

Specifically, the Complaint covers Deloitte employees who served in the positions of Audit Assistant, Audit Senior Assistant, Audit In-Charge, and Audit Senior. *Id*. ¶ 54. These employees ("Non-Licensed Employees") were not required to hold a CPA license; by contrast, employees in senior posts—Audit Manager, Audit Senior Manager, and Audit Director ("Licensed Employees")—were. *Id.* Plaintiffs allege that the work of the Non-Licensed Employees is largely mechanical, requiring little to no personal discretion, and is performed under the direct supervision of the Licensed Employees. *Id.* ¶¶ 58–62. Non-Licensed Employees must attend national core audit training, and their work is subject to professional, statutory, and internal rules and standards that require them to be controlled and supervised by a licensed CPA on all audit work. *Id*. ¶¶ 57, 65, 79. According to Deloitte's own national policies, Non-Licensed Employees cannot:

> (i) commit Deloitte to an audit engagement; (ii) approve preliminary engagement activities, including the exercise of judgment to assess the potential risk of a potential audit engagement; (iii) approve and sign engagement letters; (iv) work without control and supervision of the licensed CPA; (v) approve or depart from the audit plan/program; (vi) approve and sign any document containing a

---

[2] *See* Massachusetts Minimum Fair Wages ("Massachusetts Wage Law"), Mass. Gen. Laws ch. 151 §§ 1A *et seq.*; Minnesota Fair Labor Standards Act ("Minnesota Wage Law"), Minn. Stat. §§ 177.21 *et seq.*; Ohio Minimum Fair Wage Standards Act ("Ohio Wage Law"), Ohio Rev. Code Ann. §§ 4111.21 *et seq.*

>   substantive opinion, conclusion or determination, including audit opinions, audit reports, internal control opinions on public companies (SOX 404 reviews), or certify financial statements; or (vii) advise client management on matters of significance.

*Id.* ¶ 79.

As a result of the clerical and mechanical nature of their duties, plaintiffs allege that Non-Licensed Employees are properly classified as non-exempt employees under Massachusetts, Minnesota, and Ohio law. *Id.* ¶¶ 81, 86, 91. However, plaintiffs allege, Deloitte classified them as exempt, and paid them on a salaried basis, with no overtime compensation. *Id.* ¶¶ 96, 98, 103, 105, 110, 112. Plaintiffs allege that they, and members of the putative classes, often worked more than 40 hours per week, *see id.* ¶¶ 98, 105, 112, and therefore should have been paid overtime compensation, *id.* ¶¶ 97, 104, 111.

The Complaint, filed May 30, 2012, pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2)A), *id.* ¶ 6, seeks to recover unpaid wages, pre-judgment and post-judgment interest, and an order enjoining Deloitte from further violations of law. *Id.* at 29.

### B. The Motion to Transfer

Deloitte moves to transfer venue to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). Deloitte argues that the current action is closely related to a lawsuit currently pending against it there, *Berndt v. Deloitte & Touche*, No. 12-cv-02157 (E.D. Pa. filed Feb. 20, 2012). Because *Berndt* was filed before this case, Deloitte argues that transfer of this case to the Eastern District of Pennsylvania is merited under the "first-filed rule." Plaintiffs oppose that motion.

## II.     Discussion

### A.     Legal Standard

A district court has broad discretion when deciding a motion to transfer venue. *N. Y. Mar. & Gen. Ins. Co. v. Lafarge N. A., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). However, the party requesting transfer "carries the 'burden of making out a strong case for transfer,'" *id.* at 114 (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)), and, to prevail, must make a "clear and convincing" showing that transfer is proper, *id.* at 113–14; *see also Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 600 (S.D.N.Y. 2009); *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F. Supp. 1314, 1321 (S.D.N.Y. 1989) ("The moving party must make a clear-cut showing that transfer is in the best interests of the litigation.").

When evaluating a motion to transfer, the court's key consideration is "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Ordinarily, a court weighs several factors in determining whether the balance of convenience favors maintaining, as opposed to transferring, the suit: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Lafarge*, 599 F.3d at 112 (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).

Where a parallel lawsuit was filed before the one at hand, the "first-filed rule" may apply to guide the Court's inquiry. That rule generally favors, as between the "two competing lawsuits," dismissing or transferring the later-filed action in favor of the first-filed. *Lafarge*, 599

F.3d at 112 (quoting *Gottdiener*, 462 F.3d at 106). Such a transfer in favor of the first-filed case facilitates "judicial administration and conservation of resources" by "avoiding duplicative litigation[]" and honoring the plaintiff's choice of forum. *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989).

The first-filed rule, however, is not ironclad: The presumption in favor of the first-filed rule "may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emp'rs Ins. of Wausau v. Fox Entm't Grp. Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (quoting *Berisford Capital Corp. v. Cent. States, Se & Sw. Areas Pension Fund*, 677 F. Supp. 220, 222 (S.D.N.Y. 1988)); *see also Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751 (PAE), 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012). The Second Circuit has recognized two exceptions to the first-filed rule: (1) where "special circumstances," such as an improper anticipatory filing or inappropriate forum shopping exist; and (2) where "the balance of convenience favors the second-filed action." *Emp'rs Ins. of Wausau*, 522 F.3d at 275–76; *see also Lafarge*, 599 F.3d at 112; *Cassini*, 2012 WL 844284, at *3; *MK Sys., Inc. v. Schmidt*, No. 04 Civ. 8106 (RWS), 2005 WL 590665, at *3 (S.D.N.Y. Mar. 10, 2005); *Ontel Prods., Inc. v. Projects Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).

### B.   Does the First-Filed Rule Apply?

In moving for transfer, Deloitte argues that the first-filed rule applies here and requires transfer. The rule applies where "essentially the same lawsuit involving the same parties and the same issues" is filed in two different forums. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978). The classic context for applying the rule is where mirror-image lawsuits between the same parties are filed in different venues, for example, an action for damages and an action seeking a declaratory judgment that there has been no wrongdoing. *See, e.g.*, *Lafarge*,

599 F.3d at 109; *Empr's Ins. of Wausau*, 522 F.3d at 273–74; *Gottdiener*, 462 F.3d at 102–03; *BuddyUSA, Inc. v. Recording Indus. Ass'n of Am., Inc.*, 21 F. App'x. 52, 53–54 (2d Cir. 2001) (summ. order); *Simmons*, 878 F.2d at 78; *Dish Network, L.L.C. v. Am. Broad. Cos., Inc.*, No. 12 Civ. 4155 (LTS) (KNF), 2012 WL 2719161, at *1–2 (S.D.N.Y. July 9, 2012); *Cassini*, 2012 WL 844284, at *2–3; *Ontel*, 899 F. Supp. at 1146–47; *800-Flowers, Inc. v. Intercont'l Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994).

Although it is typically invoked in non-class contexts, the first-filed rule has been applied to class action suits filed by different plaintiff classes against the same defendant. In that setting, for the rule to apply, "identical or substantially similar parties and claims [must be] present in both courts." *Pippins v. KPMG LLP*, No. 11 Civ. 0377 (CM), 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992)). For example, courts have applied the rule to parallel class actions filed against the same defendant and involving claims based, at least in substantial part, on the same law. *See Tate-Small v. Saks Inc.*, No. 12 Civ. 1008 (HB), 2012 WL 1957709, at *4 (S.D.N.Y. May 31, 2012) (transferring later-filed action to venue of first-filed where both alleged claims under the Fair Labor Standards Act (FLSA)); *Pippins*, 2011 WL 1143010, at *3–4 (finding first-filed rule applicable where separate state class actions were filed against the same defendant under the FLSA, but declining to transfer because the balance of convenience favored retaining the later-filed action); *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, No. 12-cv-00366 (ADS), 2012 WL 5077482, at *6–7 (E.D.N.Y. Oct. 17, 2012) (transferring later-filed action to join first-filed one where both plaintiff classes alleged, *inter alia*, violations of the FLSA).

The Court, therefore, considers whether there are common violations of law alleged in this case and in *Berndt*. The plaintiff in that case, Stephen Berndt, was an Audit Assistant at

Deloitte from August 2008 to March 2009. Berndt Compl. ¶ 9. On February 20, 2012, he filed suit against Deloitte in the Philadelphia County Court of Common Pleas. *Id*. ¶ 1. On April 20, 2012, Deloitte removed the case to the United States District Court for the Eastern District of Pennsylvania. *Berndt v. Deloitte & Touche LLP*, No. 12-cv-2157, 2012 WL 3029767, at *1 (E.D. Pa. July 25, 2012). Berndt seeks to represent a putative class of current and former *Pennsylvania*-based employees of Deloitte. Berndt Compl. ¶ 1. Berndt's factual allegations correspond to those made here: The putative class consists of Non-Licensed Employees employed in Pennsylvania after February 20, 2008, but who were not paid overtime because Deloitte classified them as exempt. *Id*. Berndt alleges that Deloitte's failure to pay overtime wages violated the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 Pa. Cons. Stat. §§ 333.01 *et seq.*, because his job, and those of the other class members, were not executive, administrative, or professional as defined by the PMWA, *id.* ¶¶ 14, 16, and hence were non-exempt, *id.* ¶¶ 40–43.

     Important here, there are no common legal claims between this case and *Berndt*. In the class actions reviewed above in which the first-filed rule has been held to apply, each lawsuit at issue contained common FLSA claims. By contrast, this case and *Berndt* raise solely state-law claims, and the states are not the same. Further, the putative classes in *Berndt* and in this case do not overlap. The *Berndt* class consists exclusively of Pennsylvania employees suing under Pennsylvania law, whereas this case is brought solely on behalf of employees of Massachusetts, Minnesota, and Ohio suing under the laws of those states. To be sure, there are commonalities—Deloitte is the defendant in both cases and many underlying facts are likely to be similar, to the extent that they relate to what may be nationwide practices by Deloitte with respect to the payment, or non-payment, of overtime pay. But, because the plaintiff classes have no overlap

7

and the governing statutes also are wholly separate, Deloitte is incorrect to suggest that *Berndt* and this case are "essentially the same lawsuit involving the same parties and the same issues." *Factors*, 579 F.2d at 218.  Accordingly, the first-filed doctrine does not apply.  Instead, the proper analytic framework for evaluating Deloitte's motion involves balancing the familiar convenience factors.

> C.   **Which Forum Does the Balance of Convenience Favor?**

The moving party must show by clear and convincing evidence that the seven factors set out in *Lafarge*, 599 F.3d at 112, considered together, favor the new venue.  Far from so showing, the factors here point strongly in favor of maintaining this lawsuit in this District.

The first factor, the plaintiff's choice of forum, traditionally merits "substantial consideration" in the transfer calculus.  *In re Warrick*, 70 F.3d 736, 741(2d Cir. 1995) (quoting *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 444 (2d Cir. 1966)); *Goggins v. Alliance Capital Mgmt, L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003).  To be sure, that weight is diminished when the plaintiffs are not residents and represent a class.  *See 800-Flowers, Inc.*, 860 F. Supp. at 135 ("The weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose."); *Krulisky v. Bristol-Myers Squibb Co.*, No. 10 Civ. 8700 (DLC), 2011 WL 2555963, at *2 (S.D.N.Y. June 27, 2011) (plaintiff's choice of forum is entitled to "less significant consideration in a [] putative [] class action than in an individual action" (quoting *In re Warrick*, 70 F.3d at 741 n.7)).  Nevertheless, that analysis still favors this District over the Eastern District of Pennsylvania.

The second and third factors—the convenience of the witnesses and the location of relevant documents—also favor New York.  Plaintiffs represent, and defendants do not dispute,

8

that Deloitte's headquarters are in New York City, and that relevant witnesses and documents are in New York City. Pl. Br. 13–14. Although other witnesses and documents are situated elsewhere, there is no suggestion that they are in Pennsylvania.

The fourth factor—convenience of the parties—also favors New York. Deloitte is based in New York. And the plaintiffs, although non-residents, have demonstrated by their choice of filing forum that they regard New York as a convenient forum. Deloitte, headquartered in New York, cannot credibly, and does not, argue inconvenience.

The fifth factor—the locus of operative facts—favors, on balance, New York. To be sure, the underlying events directly involving the plaintiff classes—the performance of their jobs and their compensation—occurred in Massachusetts, Minnesota, and Ohio, not in this District. And although plaintiffs emphasize that the company-wide policies that led to Deloitte's allegedly unlawful practices with regard to overtime compensation were formulated at Deloitte's New York headquarters, Pl. Br. 13–14, defendants are correct that in such employment disputes, the locus of operative facts is the location of the alleged violations (here, Massachusetts, Minnesota and Ohio), not the corporate headquarters. *See, e.g.*, *Morris v. Ernst & Young, LLP*, No. 12 Civ. 0838 (KMW), 2012 WL 3964744, at *4–5 (S.D.N.Y. Sept. 11, 2012). But defendants do not identify *any* relevant events that occurred in Pennsylvania. Accordingly, this factor, while not decisive, also points toward New York.

The sixth factor, the availability of process to compel witnesses, also favors New York. Neither a New York nor an Eastern District of Pennsylvania court would have the power to compel witnesses who live in Massachusetts, Minnesota, or Ohio, because they are more than 100 miles from those Districts. Fed. R. Civ. P. 45(b)(2)(B). However, a court in this District

would at least have the power to compel witnesses who live in or around New York City, Deloitte's headquarters, whereas a court in Pennsylvania would not.

The seventh factor, the relative means of the parties, appears to be neutral. Deloitte argues that it is convenient for it to litigate this case in the same district as *Berndt*, but Deloitte, a multi-national firm, has the resources to litigate this case in New York, its home state. Further, Deloitte is already defending a similar putative class action in this District, before the Hon. Richard M. Berman, raising claims under the FLSA and New York State law arising out of what appear to be the same or similar facts. *See In re Deloitte & Touche, LLP Overtime Litig.*, No. 11 Civ. 2461 (RMB) (KNF) (S.D.N.Y. filed April 11, 2011).

In sum, each of the relevant factors either favors maintaining this litigation in New York or is neutral. Accordingly, Deloitte's motion to transfer is denied, because Deloitte has failed to show at all, let alone by clear and convincing evidence, that the convenience factors favor transfer to the Eastern District of Pennsylvania.[3]

In so ruling, the Court recognizes that there are now three cases (this one; *Berndt*; and the action pending before Judge Berman) that involve parallel claims and, it appears, the same or similar wage practices at Deloitte. It is likely that there will be overlapping documents and witnesses across these three cases. The Court hopes and expects that counsel in these cases will coordinate among themselves so as to avoid needless duplication in the area of discovery, in particular. If counsel cannot agree, they may seek the assistance of the assigned courts to resolve their differences. But the value of such coordination does not justify transferring the instant

---

[3] Prior to rendering this decision, the Court spoke with the Hon. Legrome D. Davis, the United States District Judge assigned to the *Berndt* case, about defendant's motion to transfer. The Court is authorized to report that Judge Davis concurs in this decision.

dispute to Pennsylvania, with which no party has any connection, and which does not supply the law applicable to this case.

## CONCLUSION

For the reasons stated above, Deloitte's motion to transfer this matter to the Eastern District of Pennsylvania is denied. The Clerk of Court is directed to terminate the motion pending at docket number 10. The parties are directed to submit, by November 30, 2012, a proposed Civil Case Management Plan and Scheduling Order, consistent with this Court's Individual Rules.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 26, 2012
       New York, New York

11