# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: DELOITTE & TOUCHE OVERTIME LITIGATION | No. 11 Civ. 2461 (RMB)(KNF) |
| SANA ZARA BUKHARI, MEGAN FAYE COWELL, JANE KILLIAN, and HENRY CONTRERAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Deloitte & Touche LLP and Deloitte LLP, a limited liability partnership,<br><br>Defendants. | No. 12 Civ. 4290 (RMB)(KNF) |
| STEPHEN BERNDT, individually and on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>Deloitte & Touche LLP and Deloitte LLP,<br><br>Defendants. | No. 13 Civ. 0644 (RMB)(KNF) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/15

## ~~PROPOSED~~ ORDER TO DECERTIFY THE CONDITIONALLY CERTIFIED CLASS ACTION AND TO APPROVE THE PARTIES' SETTLEMENT


RMB

On December 16, 2011, the Court conditionally certified Plaintiffs' lawsuit as a Fair Labor Standards Act ("FLSA") collective action and authorized distribution of notice of the collective action to all current and former unlicensed Audit Assistants, Audit Senior Assistants, Audit In-Charges and Audit Seniors employed by Deloitte & Touche LLP ("Deloitte") in the United States at any time since April 11, 2008. Approximately 1345 individuals chose to join the lawsuit as Opt-In Plaintiffs, including some who were

allowed to opt into the lawsuit belatedly after the opt-in period closed. In granting

conditional certification, this Court noted that,
> Preliminarily, Plaintiffs have made the requisite "modest factual showing" that they and the Audit Class Members are (1) similarly situated with respect to their job requirements, (2) similarly situated with regard to their pay provisions, and (3) classified as exempt pursuant to a common Deloitte policy or scheme. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs have also made the "modest factual showing" that (4) "the propriety of the classification may be determined on a collective basis." *Kress v. PriceWaterHouseCoopers*, 263 F.R.D. 623,630 (E.D. Cal. 2009) (conditionally certifying a similar class of non-licensed associates and senior associates in PricewaterhouseCoopers' assurance, advisory, and tax divisions pursuant to Section 216(b) of the FLSA).

(Dkt #64, pp. 2-3)

And, further that,
> "At the second stage, the ... [C]ourt will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

(Dkt. #64, p. 4, n.2).

Over the past three year period, the Parties have advised the Court that: discovery was taken from the Named Plaintiffs and others who filed consents to opt into the case and from Deloitte, including, numerous depositions and the exchange of millions of pages of documents; the lawyers for both sides engaged in lengthy and complex analysis of the Parties' claims and defenses; and, according to Defendants, that the discovery taken has revealed material dissimilarities among Plaintiffs and the Opt-In Plaintiffs related to their duties and experiences, and that, as a result, their claims and the defenses to their claims cannot be fairly and efficiently adjudicated on a collective basis.

In addition, on July 22, 2014, the Court of Appeals for the Second Circuit, which includes New York, ruled, according to the Parties, that unlicensed auditors in positions similar to those at issue in *In re Deloitte & Touch Overtime Litigation* are exempt

2

18584875v.3

professionals, "learned professionals and exempt from the FLSA overtime requirements." *RMB*. See *Pippins v. KPMG, LLP*, 2014 WL 3583899 (2d. Cir. 2014). See also Transcript of proceeding of 11/19/15.

The facts specific to the case before this Court and the current state of the law in the Second Circuit, according to the parties, demonstrate that the conditionally-certified collective action should be decertified and that the Litigation should be settled.

THEREFORE, IT IS HEREBY ORDERED that, in light of the representations contained in the Unopposed Motion To Decertify The Collective Action And To Approve Settlement, dated July 31, 2015, the fact that the Motion is unopposed, the record, the Court's familiarity with the status of this matter, and the law, the collective action conditionally certified in this matter is DECERTIFIED on consent.

IT IS FURTHER ORDERED that the Parties' Settlement Agreement and Release of All Claims, effective July 23, 2015 (the "Settlement Agreement") is approved, except to the extent modified as follows by this Order :

- The claims of the Named Plaintiffs are DISMISSED WITH PREJUDICE.

- The Named Plaintiffs shall not file, institute, or serve as a class representative, in any action or legal proceeding against Deloitte & Touche LLP, Deloitte LLP or any Deloitte entities identified in the Settlement Agreement, arising out of or relating to the subject matter of the Litigation.

- The claims of the Opt-In Plaintiffs are DISMISSED WITHOUT PREJUDICE.

- Paragraph 4(b) of the Settlement Agreement shall be modified to provide that the Opt-In Plaintiffs are prohibited from filing or joining any collective, class or aggregate action against Deloitte & Touche LLP or Deloitte LLP for the claims made in this matter; and to indicate that such prohibition shall be subject to applicable law, including the Constitution. *RMB*

- Paragraph 4(b) of the Settlement Agreement shall be modified to strike the language requiring the Opt-In Plaintiffs to bring claims against Deloitte & Touche LLP or Deloitte LLP, if at all, in the United States District Court

3

for the Southern District of New York as a related case within 60 calendar days after Court approved Notice to conditional class members is mailed.

- Paragraph 4(b) of the Settlement Agreement shall be further modified to strike the language requiring Opt-In Plaintiffs who do not have a federal claim to bring their state claim, if any, in any court of competent jurisdiction within 60 calendar days after the Court approved Notice to conditional class members is mailed.

- Subject to the above modifications, the Notice of Settlement and Decertification proposed by Defendant is approved by the Court and must be sent by Plaintiffs' counsel to the Opt-In Plaintiffs within ten (10) business days of entry of this Order. See Exhibit A hereto.

IT IS FURTHER ORDERED that the entire action is dismissed on the terms set forth herein.

IT IS FURTHER ORDERED that all parties shall bear their own fees and costs associated with pursuing or defending the collective action and settling this matter and that no Party or Party's attorney shall seek any costs and/or fees incurred in connection with this Litigation.

IT IS SO ORDERED THIS 19th day of Nov, 2015. On consent

RMB
_____
Hon. Richard M. Berman
United States District Judge



**Exhibit A**

11/19/15

**This Notice Affects Your Legal Rights. Please Read It Carefully.**

## Notice Of Settlement and Decertification Of Collective Action Against Deloitte & Touche LLP and Deloitte LLP.

TO: Current and former unlicensed Audit Assistants, Audit Senior Assistants, Audits In-Charge and Audit Seniors who filed a Consent to Join the Collective Action styled as *In re Deloitte & Touche Overtime Litigation*, dated February 22, 2012.

**WHY DID I GET THIS NOTICE:** You have received this Notice because you filed a consent to join this case after you received a Notice of Right to Join Lawsuit Against Deloitte & Touche LLP and Deloitte LLP. Your involvement in this lawsuit has now ended because the Court has decertified the collective, approved the settlement described below, and dismissed the claims of all individuals who filed a consent to join the collective, including you.

**THE LAWSUIT:** The Named Plaintiffs in *In re Deloitte & Touche LLP Overtime Litigation*, with Master file No. 11 civ. 2461 (RMB)(THK) (the "Litigation") are Dina Gersten, Jason James, Sana Zara Bukhari, Megan Faye Cowell, Jane Killian, Henry Contreras and Stephen Berndt. The Litigation, a collective action against Deloitte & Touche LLP and Deloitte LLP ("Deloitte") alleged that Deloitte failed to pay unlicensed Audit Assistants, Audit Senior Assistants, Audits In-Charge, and Audit Seniors overtime pay in compliance with the Fair Labor Standards Act ("FLSA") and various state laws. The Defendants denied Plaintiffs' allegations and asserted that they and the putative class members were not entitled to damages or any other form of relief. The United States District Court for the Southern District of New York did not rule on the merits of Plaintiffs' claims or Defendants' defenses, but conditionally certified a collective of [on 12/16/11] current and former unlicensed Audit Assistants, Audit Senior Assistants, Audits In-Charge and Audit Seniors employed by Deloitte at any time since April 11, 2008 who filed a consent to join the Litigation during the opt-in period (the "collective").

The Litigation began on April 11, 2011, when Plaintiff Dina Gersten commenced suit in *Gersten v. Deloitte & Touche LLP and Deloitte LLP* in the United States District Court for the Southern District of New York. On April 26, 2011, Plaintiff Jason James commenced a similar suit in *James v. Deloitte & Touche LLP* in the United States District Court for the Northern District of California. On November 22, 2011, the Court consolidated the separately filed actions of *Gersten v. Deloitte & Touche LLP and Deloitte LLP* and *James v. Deloitte & Touche LLP* into *In re Deloitte & Touche LLP Overtime Litigation*.

On January 17, 2013, the Court also consolidated the separately filed action of *Bukhari, Cowell and Killian v. Deloitte & Touche LLP and Deloitte LLP* into the *In re Deloitte*

20018896v.2

& Touche LLP Overtime Litigation and permitted Plaintiffs to file an amended Complaint to add Henry Contreras as a Named Plaintiff. On January 30, 2013, the Court consolidated another separately filed action, Berndt v. Deloitte & Touche LLP and Deloitte LLP into In re Deloitte & Touche LLP Overtime Litigation.

**THE SETTLEMENT:** The claims of all the Named Plaintiffs are being dismissed with prejudice. Your claims are being dismissed without prejudice as explained below. As part of the settlement, Defendants agreed not to seek costs against the Named Plaintiffs or against you. Plaintiffs' counsel has also agreed that they shall not receive any attorneys' fees for their work in this Litigation. You can obtain a copy of the full Settlement Agreement by contacting Plaintiffs' counsel at the addresses and telephone numbers below:

| Justin M. Swartz<br>Juno Turner<br>Outten & Golden LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>(212) 245-1000 | Max Folkenflik<br>Folkenflik & McGerity<br>1500 Broadway, 21st Floor<br>New York, NY 10036<br>(212) 757-0400 |
|---|---|

**WHY WAS THE CLASS DECERTIFIED:** [*The parties have advised the Court,*] ~~Over~~ a period of three years, extensive discovery was taken from the Named Plaintiffs and others who filed consents to opt into the case, and from Deloitte; ~~N~~umerous depositions were taken, millions of pages of documents were exchanged and the lawyers for both sides engaged in lengthy and complex analysis of the Parties' claims and defenses in the case. More recently, on July 22, 2014, the Court of Appeals for the Second Circuit, which includes New York, ruled in favor of KPMG LLP that its unlicensed auditors in positions similar to those at issue here are ~~exempt professionals, not entitled to overtime under the FLSA.~~ "*learned professionals, and exempt from the FLSA overtime requirements.*" As a result, the parties here agreed upon the Settlement described above. The Court ~~then~~ [11/19/15] entered an Order approving the Settlement and decertifying the collective in In Re Deloitte & Touche Overtime Litigation on ~~[illegible]~~. Accordingly, this case will not proceed as a class or collective action or otherwise *in this Court.*

**~~MY~~ OPTIONS:** Because the District Court has decertified the collective and approved the settlement, your claims have been dismissed without prejudice. You are not required to do anything more at this time unless you wish to pursue an individual claim against Deloitte with respect to an alleged failure to pay overtime. In order to do so, you should consult a lawyer at your own expense.

The Settlement Agreement precludes you from filing or joining any further collective, class or aggregate action against Deloitte with regard to the claims at issue in this case.

Further information about this Notice or the Litigation may be obtained by writing or calling Plaintiffs' counsel, Outten & Golden, LLP and/or Folkenflik & McGerity, at the addresses and phone numbers below:

2

20018896v.2

| Justin M. Swartz<br>Juno Turner<br>Outten & Golden LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>(212) 245-1000 | Max Folkenflik<br>Folkenflik & McGerity<br>1500 Broadway, 21st Floor<br>New York, NY 10036<br>(212) 757-0400 |

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

*Counsel to the Parties    RMB*

3

20018896v.2